1  DARREN T. BRENNER, ESQ.
   Nevada Bar No. 8386
2  NATALIE L. WINSLOW, ESQ.
   Nevada Bar No. 12125
3  AKERMAN LLP
   1635 Village Center Circle, Suite 200
4  Las Vegas, NV 89134
   Telephone: (702) 634-5000
5  Facsimile: (702) 380-8572
   Email: darren.brenner@akerman.com
6  Email: natalie.winslow@akerman.com

7  *Attorneys for BOMF IIIB 2014-19NPL1 Corp.*

## UNITED STATES DISTRICT COURT

## DISTRICT OF NEVADA

| | |
|---|---|
| BOMF IIIB 2014-19NPL1 CORP., | Case No.: 2:17-cv-01106-GMN-PAL |
| Plaintiff, | |
| vs. | **STIPULATION AND ORDER TO JOIN INDISPENSABLE PARTY AS DEFENDANT** |
| KEVIN MONINGER, AMELITA MONINGER, VILLA DEL ORO OWNERS ASSOCIATION, ASSET RECOVERY SERVICES, DOE INDIVIDUALS I-X, inclusive, and ROE CORPORATIONS I-X, inclusive, | |
| Defendants. | |

Plaintiff BOMF IIIB-10NPL1 Corp. (**plaintiff**) and Villa del Oro Owners Association (**HOA**) stipulate and agree to join SALV LLC as an indispensable party in this matter pursuant to Federal Rule of Civil Procedure 19. Alternatively, plaintiff and the HOA request that SALV LLC be joined under Federal Rule of Civil Procedure 20. Plaintiff and the HOA further stipulate and agree as follows:

1. The property at issue in this lawsuit is located at 3153 Arville Street, Las Vegas, Nevada 89102.
2. The HOA foreclosed on the property on or about August 14, 2013. The property reverted to the HOA as a result of the foreclosure sale.
3. The HOA owned the property at the time plaintiff initiated the current litigation.
4. On July 11, 2017, the HOA quitclaimed the property to SALV LLC, a non-party to this litigation. A quitclaim deed was recorded with the Clark County Recorder as

45895432;1

instrument no. 20170712-0000837.

5. Plaintiff recently became aware of the quitclaim deed when preparing for the upcoming settlement conference.

6. In SALV LLC's absence, the court cannot accord relief to plaintiff on its claim for quiet title and declaratory relief that plaintiff's deed of trust remains against the property. Upon information and belief, SALV LLC claims that plaintiff's deed of trust was extinguished as a result of the HOA's foreclosure sale.

7. As such, SALV LLC is a necessary party. *CP Nat'l Corp. v. Bonneville Power Admin.*, 928 F.2d 905, 912 (9th Cir. 1991).

8. Upon information and belief, adding SALV LLC will not divest the court of jurisdiction.[1]

---

[1] Plaintiff states it recently assigned the deed of trust to Bank of America, N.A., and is in the process of recording the assignment with the Clark County Recorder. Plaintiff anticipates plaintiff and Bank of America will request to substitute Bank of America in the place of plaintiff once the recording process is complete.

2

45895432;1

9. Alternatively, plaintiff and the HOA request that if SALV LLC is not found to be an indispensable party, it should be joined in this litigation as a proper party under Federal Rule of Civil Procedure 20. *Desert Empire Bank v. Ins. Co. of North America, et al.*, 623 F.2d 1371 (9th Cir. 1980)).

| AKERMAN LLP | HOA LAWYERS GROUP, LLC |
|---|---|
| /s/Natalie L. Winslow<br>DARREN T. BRENNER, ESQ.<br>Nevada Bar No. 8386<br>NATALIE L. WINSLOW, ESQ.<br>Nevada Bar No. 12125<br>1635 Village Center Circle, Suite 200<br>Las Vegas, Nevada 89134<br><br>*Attorneys for BOMF IIIB 2014-19NPL1 Corp.* | /s/Steven T. Liozzi<br>STEVEN T. LOIZZI, JR., ESQ.<br>Nevada Bar No. 10920<br>9500 W. Flamingo, Suite 204<br>Las Vegas, Nevada 89147<br><br>*Attorneys for Villa Del Oro Owners Association* |

## ORDER

**IT IS HEREBY ORDERED** that the parties' Stipulation to Join an Indispensable Party is **GRANTED**.

**IT IS FURTHER ORDERED** that, in light of the parties' representations herein, as well as the parties' pending settlement conference, (ECF No. 35), the Court **DENIES** the pending dispositive Motions, (ECF Nos. 22, 25, 28), without prejudice. In the event the parties do not reach a settlement, the parties may refile their Motions within twenty-one (21) days after the date of the settlement conference. Alternatively, should the parties seek further discovery in the matter in light of the addition of a new indispensable party, the parties shall file dispositive motions pursuant to the new scheduling order or within twenty-one (21) days after their motion to amend the scheduling order is denied.

**IT IS SO ORDERED.**

DATED this   7   day of August, 2018.

_____
**Gloria M. Navarro, Chief Judge**
**UNITED STATES DISTRICT COURT**

3

45895432;1