# UNITED STATES DISTRICT COURT
# DISTRICT OF NEVADA

\* \* \*

BANK OF AMERICA, N.A.,

          Plaintiff,

v.

SALV LLC, et al.,

          Defendants.

Case No. 2:17-cv-01106-GMN-BNW

**REPORT AND RECOMMENDATION**

Presently before the court is Plaintiff, Bank of America, N.A.'s, Motion for Entry of Default Judgment (ECF No. 57), filed on March 7, 2019. This motion was referred to the undersigned magistrate on October 2, 2019 for a Report and Recommendation.

## BACKGROUND

Bank of America initiated this lawsuit by filing a complaint on April 20, 2017. (ECF No. 1.) It filed its First Amended Complaint on August 14, 2018, which named SALV LLC as a defendant. (ECF No. 37.)

The First Amended Complaint alleges that on November 21, 2009, two borrowers refinanced their home in the amount of $144,275, which was evidenced by a note and secured by a deed of trust (the "senior deed of trust") recorded on December 1, 2009. (*Id.*) The senior deed of trust was assigned to Bank of America. (*Id.*) Subsequently, the borrowers failed to pay some Homeowners Association ("HOA") amounts that were due. (*Id.*) On May 17, 2011, the HOA recorded a notice of default and election to sell the home to satisfy the HOA lien. (*Id.*)

After the HOA recorded its notice of default and election to sell the home, Bank of America sent payment to the HOA to satisfy the HOA lien. (*Id.*) Despite this, the HOA foreclosed on the property on August 14, 2013, and a foreclosure deed in favor of the HOA was recorded on July 8, 2015. (*Id.*) The sale price of the home was $12,008.51. (*Id.*) Thereafter, the HOA

transferred its interest in the property to SALV. (*Id.*) Bank of America now seeks a declaratory judgment that SALV purchased the property subject to Bank of America's senior deed of trust because Bank of America attempted to satisfy the HOA lien.

After Bank of America filed its First Amended Complaint seeking this declaratory judgment, a summons was issued to SALV. (ECF No. 39.) After over ten unsuccessful attempts at service, Bank of America filed a Motion for Service by Publication (ECF No. 44), which was granted (ECF No. 47). Service was then effectuated by publication. (ECF No. 50.) However, SALV never appeared or responded to Bank of America's First Amended Complaint. Accordingly, on January 9, 2019, Bank of America filed a Motion for Entry of Clerk's Default as to SALV (ECF No. 55), which was granted the next day (ECF No. 56). Bank of America now moves the court to enter a default judgment declaring that SALV purchased the property subject to Bank of America's senior deed of trust. (ECF No. 57.)

## DISCUSSION

### A.     Legal Standard

The granting of a default judgment is a two-step process under Federal Rule of Civil Procedure 55. *Eitel v. McCool*, 782 F.2d 1470, 1471 (9th Cir. 1986). The first step is an entry of clerk's default based on a showing, by affidavit or otherwise, that the party against whom the judgment is sought "has failed to plead or otherwise defend." Fed. R. Civ. P. 55(a). The second step is default judgment under Rule 55(b), a decision which lies within the discretion of the court. *Aldabe v. Aldabe*, 616 F.2d 1089, 1092 (9th Cir. 1980).

Factors which a court may consider in deciding whether to grant a default judgment include: (1) the possibility of prejudice to the plaintiff, (2) the merits of the substantive claims, (3) the sufficiency of the complaint, (4) the amount of money at stake, (5) the possibility of a dispute of material fact, (6) whether the default was due to excusable neglect, and (7) the Federal Rules' strong policy in favor of deciding cases on the merits. *Eitel*, 782 F.2d at 1471–72.

If an entry of default is made, the court accepts all well-pleaded factual allegations in the complaint as true; however, conclusions of law and allegations of fact that are not well-pleaded will not be deemed admitted by the defaulted party. *DirecTV, Inc. v. Hoa Huynh*, 503 F.3d 847,

854 (9th Cir. 2007). Additionally, the Court does not accept factual allegations relating to the amount of damages as true. *Geddes v. United Financial Group*, 559 F.2d 557, 560 (9th Cir. 1977). Default establishes a party's liability, but not the amount of damages alleged in the pleading. *Id.*

**B.     Analysis**

Considering the *Eitel* factors, the court recommends that default judgment against SALV be granted and that the court issue a declaratory judgment that SALV acquired its ownership interest in the property subject to Bank of America's senior deed of trust.

The first factor the court is to consider, possibility of prejudice to the plaintiff, weighs in favor of granting a default judgment. This factor weighs in favor of granting a default judgment, as Bank of America's ability to pursue its claim will be hindered if the court does not issue a default judgment against SALV. *See Liberty Ins. Underwriters Inc. v. Scudier*, 53 F. Supp. 3d 1308, 1318 (D. Nev. 2013) (factor weighs in favor of plaintiff when plaintiff will be denied recourse without a default judgment).

The second factor, the merits of the substantive claim, also weigh in favor of issuing a default judgment against SALV. NRS § 116.3116(1) gives an HOA a lien on its homeowners' residences for certain unpaid amounts. NRS 116.3116(2) also gives priority to that HOA lien over all other liens with some exceptions. Nev. Rev. Stat. § 116.3116(2)(b). In *SFR Investments Pool 1 v. U.S. Bank*, the Nevada Supreme Court explained this as follows:

> As to first deeds of trust, NRS 116.3116(2) thus splits an HOA lien into two pieces, a superpriority piece and a subpriority piece. The superpriority piece, consisting of the last nine months of unpaid HOA dues and maintenance and nuisance-abatement charges, is 'prior to' a first deed of trust. The subpriority piece, consisting of all other HOA fees or assessments, is subordinate to a first deed of trust.

334 P.3d 408, 411 (Nev. 2014).

HOAs are permitted to enforce their superpriority liens by nonjudicial foreclosure sale. *Id.* at 415. Critically, however, under NRS 116.31166(1), the holder of a first deed of trust may pay off the HOA's superpriority lien to prevent the foreclosure sale from extinguishing its security interest. *See* Nev. Rev. Stat. § 116.31166(1); *see also SFR Investments*, 334 P.3d at 414

1  (junior lienholder could have paid off superpriority lien to avoid losing its security interest); *see*
2  *also, e.g.*, *7912 Limbwood Ct. Trust v. Wells Fargo Bank, N.A., et al.*, 979 F. Supp. 2d 1142, 1149
3  (D. Nev. 2013) (same). In short, a bank can extinguish an HOA's superpriority lien by tendering
4  payment of nine months of unpaid HOA dues and maintenance and nuisance-abatement charges,
5  if any.[1] *See SFR Investments*, 334 P.3d at 411 (superpriority lien consists of last nine months of
6  unpaid HOA dues and maintenance and nuisance-abatement charges).

7  Here, Bank of America attempted to do exactly that. Bank of America wrote to the HOA
8  stating that it did not know the amount of the HOA superpriority lien but offered to pay it. (ECF
9  No. 57-5 at 9-10.) The HOA responded by letter and provided that the monthly HOA assessment
10 was $180. (*Id.* at 13.) It further provided that the total amount due to the HOA was $4,373.33,
11 which it itemized in a spreadsheet attached to its letter. (*Id.* at 13-15.) Critically, none of the
12 itemized amounts due to the HOA were for maintenance or nuisance-abatement charges. (*See id.*)
13 Accordingly, Bank of America wrote back to the HOA, explained its understanding of the HOA's
14 limited superpriority lien, and enclosed a check that corresponded with this understanding (for
15 $1,620 or nine months of HOA dues). (*Id.* at 17-19.) Thus, Bank of America did what it was
16 required to do under the statute to preserve its interest in the property. *See* Nev. Rev. Stat. §
17 116.31166(1); *see also SFR Investments*, 334 P.3d at 414 ("[A]s a junior lienholder, U.S. Bank
18 could have paid off the SHHOA lien to avert loss of its security . . . .").

19 The third factor, the sufficiency of the complaint, also weighs in favor of issuing a default
20 judgment against SALV. The First Amended Complaint adequately lays out Bank of America's
21 factual allegations and legal theories.

22 The fourth factor, the amount of money at stake, weighs in favor of Bank of America as
23 well. Bank of America does not seek any money but rather a declaratory judgment. The court
24 recognizes that if the court were to issue a declaratory judgment that SALV's interest in the
25 property is subject to Bank of America's senior deed of trust, it would, in a sense, "deprive"

---

[1] NRS § 116.3116(5) allows an HOA to collect certain other fees to extinguish its superpriority lien, but these fees are not at issue in this case.

SALV of a thing of value. Still, the amount at stake (roughly $150,000) is not an exceedingly large amount of money.

The fifth factor, the possibility of a dispute of material act, weighs in favor of Bank of America. Bank of America submitted uncontradicted evidence clearly evincing its attempt to satisfy the HOA's superpriority lien. Accordingly, it is doubtful that, had the HOA answered the First Amended Complaint, the end result would be different.

The sixth factor, whether the default was due to excusable neglect, also weighs in favor of Bank of America. The failure to appear for over a year suggests that SALV could not demonstrate excusable neglect.

The seventh factor, the Federal Rules' strong policy in favor of deciding cases on the merits, weighs against issuing a default judgment (as the case will not be decided on the merits). However, this factor is not dispositive.

The court has considered the *Eitel* factors and which way each factor cuts. The only factor that weighs in favor of denying default judgment is the Federal Rules' strong policy in favor of deciding cases on the merits. However, SALV has made this essentially impossible by failing to answer or otherwise plead. According, the court recommends that default judgment be granted against SALV.

IT IS THEREFORE RECOMMEND that Bank of America, N.A.'s Motion for Entry of Default Judgment (ECF No. 57) be GRANTED.

IT IS FURTHER RECOMMENDED that the court declare that SALV LLC acquired its ownership interest in the property located at 3153 Arville Street, Las Vegas Nevada 89102, APN 167-07-411-080 subject to the deed of trust recorded on November 21, 2009 at Instrument No. 200912010001115.

**NOTICE**

This report and recommendation is submitted to the United States district judge assigned to this case under 28 U.S.C. § 636(b)(1). A party who objects to this report and recommendation may file a written objection supported by points and authorities within fourteen days of being served with this report and recommendation. Local Rule IB 3-2(a). Failure to file a timely

objection may waive the right to appeal the district court's order. *Martinez v. Ylst*, 951 F.2d 1153, 1157 (9th Cir. 1991).

DATED: November 12, 2019

_____
BRENDA WEKSLER
UNITED STATES MAGISTRATE JUDGE