UNITED STATES DISTRICT COURT

DISTRICT OF NEVADA

| | |
|---|---|
| BANK OF AMERICA, N.A., ) <br> ) <br> Plaintiff, ) <br> vs. ) <br> ) <br> KEVIN MONINGER, *et al*., ) <br> ) <br> Defendants. ) <br> ) | Case No.: 2:17-cv-01106-GMN-BNW <br><br> **ORDER** |

Pending before the Court is the Motion to Set Aside Default Judgment, (ECF No. 63), filed by Defendant SALV LLC ("SALV"). Plaintiff Bank of America, N.A. ("BANA") filed a Response, (ECF No. 67), and SALV filed a Reply, (ECF No. 71).

Also pending before the Court is BANA's Motion for Default Judgment against Defendant Asset Recovery Services ("ARS"), (ECF No. 72). ARS did not file a response.

Also pending before the Court is BANA's Motion for Default Judgment against Defendants Kevin and Amelita Moninger ("Debtors"), (ECF No. 73). Debtors did not file a response.

For the reasons discussed below, the Court **DENIES** SALV's Motion to Set Aside, **GRANTS** BANA's Motion for Default Judgment against ARS, and **GRANTS in part** and **DENIES in part** BANA's Motion for Default Judgment against Debtors.

**I.    BACKGROUND**

This case arises out of the non-judicial foreclosure sale of real property located at 3153 Arville Street, Las Vegas, Nevada 89102 (the "Property"). (*See* DOT, Ex. 1 to BANA's Mot. Default J. against ARS ("ARS Mot. Default J."), ECF No. 72-1). Debtors purchased the Property by way of a loan for $144,275.00, secured by a deed of trust ("DOT"). (*Id.*). BANA became the beneficiary of the DOT through an assignment from Mortgage Electronic

Registration Systems, Inc., as nominee beneficiary for Mountainview Mortgage Company, recorded on August 15, 2018. (See Corporate DOT, Ex. 2 to ARS Mot. Default J., ECF No. 72-2).

Upon Debtors' failure to pay all amounts due, Villa Del Oro Owners Association ("HOA"), through its agent, ARS, initiated foreclosure proceedings on the Property. Pursuant to NRS Chapter 116, ARS recorded a notice of delinquent assessment lien, followed by a notice of default and election to sell, and a notice of sale. (Notice of Delinquent Assessment Lien, Ex. 3 to ARS Mot. Default J., ECF No. 72-3); (Notice of Default and Election to Sell, Ex. 4 to ARS Mot. Default J., ECF No. 72-4); (Notice of Sale, Ex. 6 to ARS Mot. Default J., ECF Nos. 72-6). After ARS recorded the notice of default and election to sell, BANA tendered payment in full for the superpriority portion of HOA's lien, which ARS rejected. (*See* Miles Bauer Letter and Exs., Ex. 5 to ARS Mot. Default J., ECF No. 72-5).

On August 14, 2013, HOA sold the Property to itself for $12,008.51. (Trustee's Deed Upon Sale, Ex. 7 to ARS Mot. Default J., ECF No. 72-7). HOA sold its interest in the Property to SALV on July 11, 2017, after this litigation had already commenced. (*See* Quitclaim Deed, Ex. 8 to ARS Mot. Default J., ECF No. 72-8).

Debtors are also in default on the DOT and have failed to make payments thereon to cure the default since March 1, 2011. (*See* Decl. Elizabeth A. Ostermann, Ex. 11 to Debtors Mot. Default J., ECF No. 73-11); (Payoff Statement, Ex. 9 to Debtors Mot. Default J., ECF No. 73-9). As of June 1, 2020, the total amount owing under the DOT was $241,851.64. (*Id.*).

BANA now seeks a declaratory judgment against ARS that the DOT remains valid and enforceable. (ARS Mot. Default J. 1:25–28, ECF No. 72). Against Debtors, BANA requests the same in addition to an Order directing a judicial foreclosure against the Property based on Debtors' failure to pay the amounts owed under the DOT, or for damages in the alternative. (Debtors Mot. Default J. 1:25–2:6, ECF No. 73). Additionally, SALV moves to set aside the

default judgment the Court entered against it on December 17, 2019. (*See* Mot. Set Aside, ECF No. 63).

## II. LEGAL STANDARD

### A. Motion to Set Aside

Under Fed. R. Civ. P. 55(c) a court may set aside an entry of default for good cause. The "good cause" standard that governs vacating an entry of default under Rule 55(c) is the same standard that governs vacating a default judgment under Rule 60(b). *See TCI Group Life Ins. Plan v. Knoebber*, 244 F.3d 691, 696 (9th Cir. 2001). The law favors deciding a case on its merits. *See id.*

The court looks at three factors to determine whether there is "good cause" to lift the entry of default: (1) whether the defendant's culpable conduct led to the default; (2) whether the defendant has a meritorious defense; and (3) whether reopening the default judgment would prejudice plaintiff. *Id.* (citing *Falk v. Allen*, 739 F.2d 461, 463 (9th Cir. 1984)). "[T]he party seeking to vacate a default judgment bears the burden of demonstrating that these factors favor vacating the judgment." *Id.* (citing *Cassidy v. Tenorio*, 856 F.2d 1412, 1415 (9th Cir. 1988)). The three *Falk* factors are disjunctive, which means that a motion to set aside default or vacate default judgment may be denied based on any one of the factors not weighing in favor of the defaulting party. *American Ass'n of Naturopathic Physicians v. Hayhurst*, 227 F.3d 1104, 1108 (9th Cir. 2000).

### B. Motion for Default Judgment

Obtaining a default judgment is a two-step process governed by Rule 55 of the Federal Rules of Civil Procedure. *Eitel v. McCool*, 782 F.2d 1470, 1471 (9th Cir. 1986). First, the moving party must seek an entry of default from the clerk of court. Fed. R. Civ. P. 55(a). Then, after the clerk of court enters default, a party must separately seek entry of default judgment

from the court in accordance with Rule 55(b).  Upon entry of a clerk's default, the court takes the factual allegations in the complaint as true.

In determining whether to grant default judgment, courts are guided by the following seven factors: (1) the possibility of prejudice to the plaintiff; (2) the merits of the plaintiff's substantive claims; (3) the sufficiency of the complaint; (4) the sum of money at stake in the action; (5) the possibility of a dispute concerning material facts; (6) whether the default was due to excusable neglect; and (7) the strong public policy favoring decisions on the merits. *Eitel*, 782 F.2d at 1471–72.

### III. DISCUSSION

The Court begins its discussion with SALV's Motion to Set Aside Default Judgment before turning to BANA's remaining Motions for Default Judgment.

#### A. Motion to Set Aside

SALV argues that the Court should set aside default judgment because SALV did not receive notice of this action until after default was entered. (Mot. Set Aside 3:19–23, ECF No. 63).  SALV further argues that the defenses asserted in its Answer establish meritorious defenses that justify setting aside default judgment. (*Id.*).  Upon review of the asserted defenses, the Court finds that SALV has not alleged a meritorious defense, and set aside of default judgment is therefore improper.

To establish a meritorious defense, "[t]he parties do not litigate the truth of the claimed defense[.]" *In re Stone*, 588 F.2d 1316, 1319 (10th Cir. 1978).  Rather, "th[e] court will accept the allegations of the movant's factual statement." *Falk v. Allen*, 739 F.2d 461, 464 (9th Cir. 1984) (citing *In re Stone*, 588 F.2d at 1319).  "Rather, the court examines the allegations contained in the moving papers to determine whether the movant's version of the factual circumstances surrounding the dispute, if true, would constitute a defense to the action." *In re Stone* 588 F.2d at 1319.  The movant must elaborate facts that, if true, would provide a

meritorious defense; the court will not consider general denials or an assertion that a meritorious defense exists.

Here, SALV's Motion does not allege facts establishing any defense. (*See generally* Mot. Set Aside, ECF No. 63). However, SALV does append its proposed Answer, which asserts the following affirmative defenses[1] to BANA's Complaint: (1) lack of subject matter jurisdiction; (2) statute of limitations; (3) laches; and (4) no injunctive relief. (*See* Answer, Ex. to Mot. Set Aside, ECF No. 63).[2] Presuming the truth of SALV's factual allegations, the Court addresses the viability of each defense in turn.

### i. Lack of Subject Matter Jurisdiction

SALV asserts that there is incomplete diversity because as a "foreign corporation specifically authorized to do business in the State of Nevada," BANA is "the equivalent of a registered domestic Nevada Corporation." (*See* Answer). SALV further alleges that complete diversity is absent because BANA has asserted claims against Nevada defendants. (*Id.*).

The citizenship of a corporation is generally limited to its principal place of business and state of incorporation. *See Hertz Corp. v. Friend*, 559 U.S. 77, 92–93 (2010). Therefore, being registered to do business in a state has no bearing on the corporation's citizenship for the purposes of diversity jurisdiction. *See id.*; *see also Kaufman v. Gen. Ins. Co. of Am.*, 192 F. Supp. 238, 240 (S.D. Cal. 1961) (noting that the requirements to do business within a state "have nothing to do with diversity of citizenship jurisdiction, which exists essentially as a protection to the out-of-state litigant against local and provincial prejudices."); As such, the Court finds that SALV's subject matter jurisdiction defense has no merit.

//

---

[1] Regarding the merits of BANA's claims, SALV only asserts factual denials, which cannot support a meritorious defense in the context of a motion to set aside.

[2] The Court cannot provide pinpoint citations to the proposed Answer because it does not include page numbers.

### ii. Statute of Limitations

SALV argues that BANA's claims against it are time barred because the applicable five-year statute of limitations began to accrue on August 14, 2013, but SALV was not joined as party until August 14, 2018. (*See* Answer). However, a claim brought on the exact date the claim has fully accrued is timely. *See, e.g.*, *Venegas v. Wagner*, 704 F.2d 1144, 1146 (finding that a cause of action with a three-year statute of limitations that began to accrue on October 28, 1974 was timely when filed on October 28, 1977) (abrogated in part on other grounds). Accordingly, even assuming the accuracy of SALV's proffered limitations period and relevant dates for accrual, BANA's claim is timely.

### iii. Laches

SALV asserts that if the statute of limitations does not bar BANA's claim, the doctrine of laches does. (*See* Answer). The Court finds that laches is inapplicable to claims that have express statutes of limitation. *Petrella v. Metro-Goldwyn-Mayer, Inc.*, 134 S. Ct. 1962, 1973 (2014). Therefore, SALV's alternative laches defense has no merit.

### iv. No Injunctive Relief

SALV contends that BANA must pursue a claim for damages where damages are available, rather than for injunctive relief. (*See* Answer). Damages are typically inadequate to compensate the loss of an interest in real property, and there is no law to support SALV's claim that BANA is bound to pursue a monetary remedy. *Cf. Desert Palace, Inc. v. Michael*, 370 F. Supp. 3d 1177, 1185 (D. Nev. Mar. 28, 2019) (explaining that damages are presumed insufficient to compensate for the loss of an interest real property).

Thus, as SALV has failed to show it has a meritorious defense to BANA's claims, SALV has failed to meet its burden to have its default set aside. The Court next considers BANA's remaining Motions for Default Judgment.

//

**B.      Motions for Default Judgment**

BANA moves for default judgment against Debtors and ARS. (*See* Mots. Default J., ECF Nos. 72–73).  Against ARS, BANA seeks a declaration that the DOT continues to encumber the Property. (ARS Mot. Default J. 1:25–28).  Against Debtors, BANA seeks both a declaration that the DOT continues to encumber the Property and an Order directing foreclosure under the DOT or a damages award equal to the delinquency thereunder. (Debtors Mot Default J. 1:25–2:6).

BANA has initiated the two-step process required under Rule 55 by moving for clerk's entry of default judgment against the parties, (*See* ECF Nos. 9–10, 12), which the Clerk subsequently entered, (*See* ECF No. 13).  In accordance with Rule 55(b), BANA brings the present Motions.

Upon reviewing the documents and pleadings on file in this matter, the Court finds that the *Eitel* factors support entry of default judgment in favor of BANA and against ARS and Debtors.  The first *Eitel* factor weighs in favor of default judgment.  A defendant's failure to respond or otherwise appear in a case "prejudices a plaintiff's ability to pursue its claims on the merits," and therefore satisfies the first factor. *See, e.g.*, *Nationstar Mortg. LLC v. Operture, Inc.*, No. 2:17-cv-03056-GMN-PAL, 2019 U.S. Dist. LEXIS 33632, 2019 WL 1027990, at *2 (D. Nev. Mar. 4, 2019); *ME2 Prods. v. Sanchez*, 2:17-CV-667-JCM-NJK, 2018 U.S. Dist. LEXIS 61961, 2018 WL 1763514, at *1; *see also PepsiCo, Inc. v. Cal. Sec. Cans*, 238 F. Supp. 2d 1172, 1177 (C.D. Cal 2002) ("If Plaintiffs' motion for default judgment is not granted, Plaintiffs will likely be without other recourse for recovery.").

Regarding the second and third *Eitel* factors, the Court finds BANA's claim for declaratory relief is sufficiently pleaded and meritorious as to ARS and Debtors.  "A plea to quiet title does not require any particular elements, but 'each party must plead and prove his or her own claim to the property in question' and a 'plaintiff's right to relief therefore depends on

superiority of title.'" *Chapman v. Deutsche Bank Nat'l Tr. Co.*, 302 P.3d 1103, 1106 (Nev. 2013) (quoting *Yokeno v. Mafnas*, 973 F.2d 803, 808 (9th Cir. 1992)).

Here, BANA alleges that it tendered the superpriority amount of HOA's lien prior to HOA proceeding with foreclosure, ensuring that BANA's interest in the Property would survive the NRS Chapter 116 sale. (Compl. ¶¶ 28–54, ECF No. 1); (Miles Bauer Letter and Exs., Ex. 5 to ARS Mot. Default J.). Accordingly, BANA has shown that it would likely prevail on any claim challenging its interest in the Property.

However, the Court is not persuaded that it may order foreclosure under the DOT against the debtors. BANA has presented no indication that federally-ordered foreclosure would ensure compliance with the notice requirements under NRS Chapter 107. *See* NRS 107.080, 107.090.

Regarding the fourth factor, the Court finds that the factor supports a declaration that BANA's DOT continues to encumber the Property, as the request does not seek money damages. However, with respect to BANA's alternative claim against Debtors for a money judgment for their delinquency under DOT, the fourth factor does not weigh in favor of default.

The fifth *Eitel* factor, which concerns the possibility of a dispute regarding material facts, favors BANA. Courts have recognized that, "[o]nce the clerk enters a default, the well-pleaded factual allegations of the [moving party's] complaint are taken as true, except for those allegations relating to damages." *ME2 Prods.*, 2018 U.S. Dist. LEXIS 61961, 2018 WL 1763514, at *2 (quoting *O'Brien v. United States*, No. 2:07-cv-00986-GMN-GWF, 2010 U.S. Dist. LEXIS 101941, 2010 WL 3636171, at *4 (D. Nev. Sept. 9, 2010)). Taking BANA's Complaint's allegations as true, BANA preserved its DOT by tendering the full amount of the superpriority portion of HOA's lien to ARS before HOA foreclosed under the superpriority lien. (Compl. ¶¶ 28–54).

1  With respect to the sixth *Eitel* factor, the Court finds that ARS and Debtors' failure to
2 appear was not the result of excusable neglect.  ARS was served on May 15, 2017, and its
3 answer was due on June 5, 2017. (*See* Summons Returned Executed, ECF No. 5).  Debtors
4 were served on May 22, 2017, and their answers were due on June 12, 2017. (*See* Summonses
5 Returned Executed, ECF Nos. 7–8).  The Clerk of Court entered default against ARS and
6 Debtors on September 13, 2017, (ECF No. 13), and BANA then filed its present Motions for
7 Default Judgment, (ECF No. 72–73), on May 11, 2020.  The defaulting Defendants' failure to
8 appear or otherwise file anything with respect to this action during the time period counsels
9 against finding excusable neglect. *ME2 Prods.*, 2018 U.S. Dist. LEXIS 61961, 2018 WL
10 1763514, at *3; *O'Brien*, 2010 U.S. Dist. LEXIS 101941, 2010 WL 3636171, at *6.

11  The seventh and final *Eitel* factor concerns public policy considerations.  While public
12 policy generally favors disposition on the merits, the Court concludes that default judgment is
13 appropriate in light of the other *Eitel* factors.  Thus the Court grants BANA default judgment
14 on its claim for a declaration that its DOT continues to encumber the Property.  The Court
15 declines to grant declaratory judgment on BANA's requests for foreclosure or a money
16 judgment against Debtors.

17 //
18 //
19 //
20 //
21 //
22 //
23 //
24 //
25 //

IV. **CONCLUSION**

**IT IS HEREBY ORDERED** that SALV's Motion to Set Aside Default Judgment, (ECF No. 63), is **DENIED**.

**IT IS FURTHER ORDERED** that BANA's Motion for Default Judgment against ARS, (ECF Nos. 72), is **GRANTED**.

**IT IS FURTHER ORDERED** that BANA's Motion for Default Judgment against Debtors, (ECF No. 73), is **GRANTED in part** and **DENIED in part**.

The Clerk of Court shall close the case and enter judgment accordingly.

Dated this __30__ day of November, 2020.

_____
Gloria M. Navarro, District Judge
UNITED STATES DISTRICT COURT